# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ronald Wheeler

**DEFENDANTS**
Lorenzo Walters, et al.,

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery County, AL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Simon & Simon, PC
18 Campus Blvd., Suite 100
Newtown Square, PA 19073

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(a) (1) and (2)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/18/2023
SIGNATURE OF ATTORNEY OF RECORD: *Marc Simon*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____Ronald Wheeler - 2633 Wilder St., Philadelphia, PA 19146_____

Address of Defendant: _____Lorenzo - 1967 Alderpoint Dr., Montgomery, AL 36106, Boyd Bros Entities- 3275 Highway 30, Clayton, AL 36016_____

Place of Accident, Incident or Transaction: _____Northbound on I-95, near mile marker 11.6, in Philadelphia, PA._____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __01/18/2023__  _/s/ Marc Simon_ (Must sign here)  __201798__
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☒ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Marc Simon_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __01/18/2023__  _/s/ Marc Simon_ (Sign here if applicable)  __201798__
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Ronald Wheeler | : | CIVIL ACTION |
| v. | : | |
| Lorenzo Walters, et al., | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 01/18/2023 | Marc Simon | Ronald Wheeler |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-467-4666 | 267-639-9006 | MarcSimon@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ronald Wheeler : | |
| 2633 Wilder St. : | |
| Philadelphia, PA 19146 : | #_____ |
|                 Plaintiff : | |
| v. : | |
| : | |
| Lorenzo Walters : | |
| 1967 Alderpoint Dr. : | |
| Montgomery, AL 36106 : | |
|                     And : | |
| Boyd Bros Transportation, LLC f/k/a Boyd : | |
| Brothers Transportation Company, Inc. : | |
| 3275 Highway 30 : | |
| Clayton, AL 36016 : | |
|                     And : | |
| Boyd Bros Transportation, Inc. : | |
| 3275 Highway 30 : | |
| Clayton, AL 36016 : | |
|                 Defendant(s) : | |

# COMPLAINT

## PARTIES

1. Plaintiff, Ronald Wheeler, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Lorenzo Walters, is a resident of the State of Alabama, residing at the address listed in the caption of this Complaint.

3. Defendant, Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc., is a corporate entity authorized to conduct business in the State of Alabama, with a business address listed in the caption of this Complaint.

4. Defendant, Boyd Bros Transportation, Inc., is a corporate entity authorized to conduct business in the State of Alabama, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Ronald Wheeler, is a citizen of Pennsylvania and the Defendant, Lorenzo Walters, is a citizen of Alabama, and the Defendants, Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc. and Boyd Bros Transportation, Inc., upon information and belief are corporate entities with their principal place of business in Alabama and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

**FACTS**

7. On or about June 28, 2021, at or about 2:30 p.m., Plaintiff, Ronald Wheeler, was the passenger of a motor vehicle, which was traveling northbound on I-95, near mile marker 11.6, in Philadelphia, PA.

8. At or about the same date and time, Defendant, Lorenzo Walters, was the operator of a motor vehicle, owned by Defendants, Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc. and Boyd Bros Transportation, Inc., which was traveling at or around the aforementioned location of the vehicle in which Plaintiff was a passenger.

9. At or about the same date and time, Defendants' vehicle was involved in a collision with the vehicle in which Plaintiff was a passenger.

10. At all times relevant hereto, Defendant, Lorenzo Walters, was operating the aforesaid Defendants, Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc. and Boyd Bros Transportation, Inc.'s, vehicle as an agent, servant and/or employee, acting within the scope of it's agency.

11. The aforesaid motor vehicle collision was the result of Defendant, negligently, recklessly and/or carelessly, operating his/her vehicle in such a manner so as to cause an improperly secured tarp to fall off the vehicle, causing the vehicle in which Plaintiff was a passenger, to strike the fallen tarp.

12. The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

13. As a result of the collision, Plaintiff suffered severe and permanent injuries, including to the lower back and from his right foot up to right knee, as are more fully set forth below.

**COUNT I**
**Ronald Wheeler v. Lorenzo Walters**
**Negligence**

14. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

15. The negligence, recklessness and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

  a. Failure to safely and properly secure the tarp on the vehicle;

  b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

  c. Failure to request and supervise periodic inspections of the secured tarp in and around the area where the tarp fell off the vehicle by Defendant's employees and/or agents;

  d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions of the loose tarp;

  e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    f.   Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    g.   Failure to exercise the proper care, custody and control over the aforesaid secured tarp.

16.    As a direct and consequential result of the negligent, reckless and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the lower back and from his right foot up to right knee, all to Plaintiff's great loss and detriment.

17.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

18.    As an additional result of the carelessness, recklessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

19.    As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

20.    As a direct result of the negligent, reckless and/or careless conduct of the Defendant, Plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

21.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the

Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Ronald Wheeler, prays for judgment in plaintiffs' favor and against Defendant, Lorenzo Walters, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT II
### Ronald Wheeler v. Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc.
### Negligent Entrustment

22.   Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

23.   The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a. Permitting Defendant, Lorenzo Walters, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting Defendant, Lorenzo Walters, to operate the motor vehicle when Defendant, Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Lorenzo Walters, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc., knew, or in the existence of due care and diligence should have known,

        that the Plaintiff would be exposed to Defendant, Lorenzo Walters's negligent operation of the motor vehicle; and

    d. Otherwise negligently entrusting said vehicle to said individual Defendant, Lorenzo Walters.

24. As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the lower back and from his right foot up to right knee, all to Plaintiff's great loss and detriment.

25. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26. As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

27. As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

28. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Ronald Wheeler, prays for judgment in plaintiff's favor and against Defendant, Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT III
### Ronald Wheeler v. Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc.
### Respondeat Superior

29. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

30. The negligence, recklessness and/or carelessness of the Defendant, Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc., itself and by and through its agent, servant and/or employee, Defendant, Lorenzo Walters, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

   a. Failure to safely and properly secure the tarp on the vehicle;

   b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

   c. Failure to request and supervise periodic inspections of the secured tarp in and around the area where the tarp fell off the vehicle by Defendant's employees and/or agents;

   d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers,

    accidents and/or injuries that could occur as a result of the conditions of the loose tarp;

  e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

  f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

  g. Failure to exercise the proper care, custody and control over the aforesaid secured tarp.

  31. As a direct and consequential result of the negligent, reckless and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the lower back and from his right foot up to right knee, all to Plaintiff's great loss and detriment.

  32. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

  33. As an additional result of the carelessness, recklessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

  34. As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35. As a direct result of the negligent, reckless and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

36. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Ronald Wheeler, prays for judgment in Plaintiffs' favor and against Defendant, Boyd Bros Transportation, LLC f/k/a Boyd Brothers Transportation Company, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT IV
### Ronald Wheeler v. Boyd Bros Transportation, Inc.
### Negligent Entrustment

37. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

38. The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a. Permitting Defendant, Lorenzo Walters, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b. Permitting Defendant, Lorenzo Walters, to operate the motor vehicle when Defendant, Boyd Bros Transportation, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Lorenzo Walters, was capable of committing the acts of negligence set forth above;

    c. Failing to warn those persons, including the Plaintiff, that Defendant, Boyd Bros Transportation, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Lorenzo Walters's negligent operation of the motor vehicle; and

    d. Otherwise negligently entrusting said vehicle to said individual Defendant, Lorenzo Walters.

39.    As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the lower back and from his right foot up to right knee, all to Plaintiff's great loss and detriment.

40.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

41.    As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

42. As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

43. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Ronald Wheeler, prays for judgment in plaintiff's favor and against Defendant, Boyd Bros Transportation, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT V
### Ronald Wheeler v. Boyd Bros Transportation, Inc.
### Respondeat Superior

44. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

45. The negligence, recklessness and/or carelessness of the Defendant, Boyd Bros Transportation, Inc., itself and by and through its agent, servant and/or employee, Defendant, Lorenzo Walters, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

   a. Failure to safely and properly secure the tarp on the vehicle;
   b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

  c. Failure to request and supervise periodic inspections of the secured tarp in and around the area where the tarp fell off the vehicle by Defendant's employees and/or agents;

  d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions of the loose tarp;

  e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

  f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

  g. Failure to exercise the proper care, custody and control over the aforesaid secured tarp.

46. As a direct and consequential result of the negligent, reckless and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the lower back and from his right foot up to right knee, all to Plaintiff's great loss and detriment.

47. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

48. As an additional result of the carelessness, recklessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

49. As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

50. As a direct result of the negligent, reckless and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

51. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Ronald Wheeler, prays for judgment in Plaintiffs' favor and against Defendant, Boyd Bros Transportation, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Marc Simon*
Marc Simon, Esquire